FILED
U.S. DISTRICT COURT
                    DIV.
2011 MAR -7 PM 2: 41
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RONNIE LAMAR CALLOWAY,

    Plaintiff,

v.                                 CIVIL ACTION NO.: CV511-009

GEORGIA DEPARTMENT OF
CORRECTIONS; Warden HART;
Lt. MARTIN; and CO II JEREMY
HAWKINS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison, in Sparta, Georgia, filed an action pursuant to 42 U.S.C. § 1983 complaining of the conditions of his confinement while he was incarcerated at Ware State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he was grabbed from behind by Defendants Martin and Hawkins and was slammed head first into the ground. Plaintiff states that after the incident he was bleeding from his head and he now experiences constant pain in his neck and back.

Plaintiff names Warden Hart as a defendant in this case. However, Plaintiff sets forth no factual allegations against Defendant Hart indicating that he violated Plaintiff's constitutional rights. It appears that Plaintiff attempts to hold this party liable based solely on his supervisory position. In § 1983 actions, liability must be based on

something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's claims against the Georgia Department of Corrections should be dismissed. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes the Georgia Department of Corrections from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Georgia Department of Corrections and Warden Hart be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE