CLERK _____
SO. DIST. OF GA.

RONNIE LAMAR CALLOWAY,          :

          Plaintiff,            :

     v.                         :          CIVIL ACTION NO.: CV511-009

                                :
Lt. TRAVIS MARTIN and           :
CO II JEREMY HAWKINS,           :

          Defendants.           :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging that

Defendants violated his constitutional rights while he was incarcerated at the Ware

State Prison in Waycross, Georgia.  On November 4, 2011, Defendants filed a Motion

for Summary Judgment.  The Clerk of Court mailed a Notice to Plaintiff advising him

that Defendants filed a Motion for Summary Judgment and that a response must be

filed by November 28, 2011.  (Doc. No. 23).  That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be
   that the Court will deem the motion unopposed, and the Court may enter
   judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported
   by evidence, the Court may assume that you admit all such facts unless
   you oppose those facts with your own Statement of Material Facts which
   also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on
   the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendants' Motion for Summary Judgment.

For the following reasons, Defendants' Motion should be **GRANTED**.

## **STATEMENT OF THE CASE**

Plaintiff was walking to the "chow hall" for breakfast when Defendant Hawkins made an announcement to all inmates telling them to take off their "skull caps," if they were wearing one. (Doc. No. 21-2, pp. 2–3). Plaintiff responded to Defendant Hawkins by cursing at him. (Doc. No. 21-2, p. 4). Plaintiff did not remove his skull cap. (Id.). Defendant Martin instructed Plaintiff to return to Defendant Hawkins' post, and Plaintiff responded to Defendant Martin by cursing at him. (Id.). It appeared to Defendants that Plaintiff lunged forward and raised his left hand as though he was going to attack Defendant Martin with his left arm. (Doc. No. 21-2, pp. 4–5). Plaintiff admits that he attempted to reach behind Defendant Martin to open the door that was behind him. (Doc. No. 21-2, p. 5). Defendant Martin grabbed Plaintiff's arm and, with the assistance of Defendant Hawkins, moved Plaintiff to a lying position on the ground. (Id.). Both Defendants state that at no point did Defendant Martin slam Plaintiff's head into the ground.[1] (Id.). Once Plaintiff was handcuffed, Defendants helped him to his feet. (Doc. No. 21-2, pp. 5–6). Plaintiff was then escorted to the medical unit, which is standard policy at Ware State Prison following any and all uses of force. (Doc. No. 21-2, p. 6). Throughout the incident, Plaintiff continually struggled to free himself, acted aggressively, and made verbal threats to both Defendants. (Doc. No. 21-2, pp. 5–7). At the medical unit, Plaintiff informed Nurse Anderson that he was "okay," and Nurse Anderson found that Plaintiff had sustained a superficial abrasion to the top of his scalp

---

[1] Plaintiff alleges that Defendants slammed his head into the concrete ground causing blood to rush from his head. (Doc. No. 1, p. 5). However, as the Notice sent to Plaintiff explained, a properly supported motion for summary judgment results in the inability of the Plaintiff to rely on his complaint alone. (Doc. No. 23). Plaintiff has offered no evidence in opposition to the Defendants' properly supported Statement of Material Facts.

AO 72A
(Rev. 8/82)

which did not require any treatment or bandage. (Doc. No. 21-2, p. 7). Plaintiff did not seek any further medical treatment. (Doc. No. 21-2, p. 8).

Plaintiff alleges that he has constant neck and back pain as a result of the incident. (Doc. No. 1, p. 5). Plaintiff also alleges that the incident took place because Defendant Hawkins was retaliating against Plaintiff for filing a grievance against him. (Doc. No. 1, p. 6).

Defendants contend that they did not use excessive force when restraining Plaintiff. Defendants also contend that Defendant Hawkins did not retaliate against Plaintiff. Finally, Defendants contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish

72A
v. 8/82)

that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### A. Plaintiff's excessive force claim

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in

AO 72A
(Rev. 8/82)

good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Defendants contend that Plaintiff cannot prove the subjective component of his excessive force claim. They aver that there is no genuine dispute as to any material fact regarding whether they acted with a malicious and sadistic purpose to inflict harm.

In support of their Motion, Defendants submitted the deposition of Plaintiff and the affidavits of Defendants, Hazel Vaughn, and Shirlyn Thomas, which they used to derive a Statement of Material Facts. It is undisputed that the contact between Plaintiff and Defendants was a result of Defendants' attempt to restrain Plaintiff following a perceived threat to Defendant Martin. (Doc. No. 21-2, pp. 4–5). It is also undisputed that as soon as Plaintiff was handcuffed, Defendants helped Plaintiff to his feet. (Doc. No. 21-2, pp. 5–6). It is further undisputed that Plaintiff sustained only a superficial abrasion to the top of his scalp which did not require any treatment or bandage. (Doc. No. 21-2, p. 7). The uncontested material facts support Defendants' assertion that they did not use an excessive amount of force against Plaintiff. The uncontested material facts also support the finding that Plaintiff suffered no more than a de minimis injury as

AO 72A
(Rev. 8/82)

a result of the force Defendants did use. Plaintiff has offered no evidence which shows a genuine dispute of any material fact on this Eighth Amendment issue.

### B. Plaintiff's retaliation claim

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints." Id. (citations omitted). To state a claim for retaliation the inmate must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (citation omitted).

Defendants contend that Plaintiff cannot prove the second and third elements of his retaliation claim. It is undisputed that Defendant Hawkins made a general announcement to all inmates to take off their skull caps because Ware State Prison has a policy that inmates are not allowed to wear skull caps until the State issues jackets, which it had not yet done. (Doc. No. 21-2, p. 3). It is also undisputed that Plaintiff disobeyed Defendant Hawkins' order and cursed at Defendant Hawkins and Defendant Martin. (Doc. No. 21-2, p. 4). It is further undisputed that the contact between Plaintiff and Defendants was a result of Defendants' attempt to restrain Plaintiff following a

perceived threat to Defendant Martin. (Doc. No. 21-2, pp. 4–5). The uncontested material facts support Defendants' assertion that Plaintiff cannot prove a causal relationship between the incident and Plaintiff's filing of a grievance against Defendant Hawkins a few weeks before. Plaintiff has offered no evidence which shows a genuine dispute of any material fact on this First Amendment issue.

It is unnecessary to address the remaining portion of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _12th_ day of December, 2011.


_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

O 72A
ev. 8/82)